# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## DOCKET NO. 3:09-cv-133-FDW

| | |
|---|---|
| CLAIORETHA WALKER, | )<br>) |
| Plaintiff, | )<br>) |
| vs. | )      ORDER<br>) |
| CHARLOTTE TRANSIT,<br>RHONDA WILLIAMS, | )<br>)<br>) |
| Defendants. | )<br>) |

THIS MATTER comes now before the Court upon Defendants' Motion to Dismiss Plaintiff's Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), for failure to state a claim upon which relief can be granted pursuant to Rule12(b)(6), for lack of personal jurisdiction pursuant to Rule12(b)(2), and for insufficient service of process pursuant to Rule12(b)(5) (Doc. No. 11). For the reasons set forth herein, Defendants' Motion is GRANTED.

## I. BACKGROUND

Plaintiff Claioretha Walker filed her Complaint pro se on April 3, 2009. Plaintiff's claim involves an incident that occurred on a Charlotte Transit bus on August 8, 2007. Plaintiff alleges that after entering the bus, the bus driver "jerked" the bus while leaving the bus stop in such a way that Plaintiff lost her balance, fell down, and suffered injuries to her right shoulder and right knee. Plaintiff further alleges previous similar occurrences that never resulted in injuries because other passengers caught her before she could fall.

## II. STANDARD

It is well established that federal courts are courts of limited jurisdiction. Aldinger v. Howard, 427 U.S. 1, 15 (1976). Specifically, federal district courts shall have original jurisdiction over all civil actions "arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331, or "where the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states." 28 U.S.C. § 1332.

A 12(b)(1) motion challenging subject matter jurisdiction questions the "very power" of the court to hear the case. United States v. Beasley, 495 F.3d 142, 147 (4th Cir. 2007). A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the authority under the Constitution or Congress to adjudicate it. Shortt v. Richlands Mall Assocs., No. 90-2056, 1990 U.S. App. LEXIS 25947, at *9-10 (4th Cir. Dec. 19, 1990) (citing Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3522 (3d ed. 2004)). "The burden of proving subject matter jurisdiction on a motion to dismiss is on the plaintiff, the party asserting jurisdiction." Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982). A defendant may move to dismiss for lack of subject matter jurisdiction by demonstrating "that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based." Adams, 697 F.2d at 1219.

It is also well established that when the challenged pleading is from a pro se plaintiff, the pleading should be construed liberally and held to a standard less stringent than that of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). Despite this leeway given to pro se litigants, it is still their responsibility to adequately demonstrate that subject matter jurisdiction exists. Cf. Cox v. City of Charleston, 416 F.3d 281, 288 (4th Cir. 2005). Additionally, while the plaintiff's allegations are accepted as true and the complaint is viewed in the light most favorable to the plaintiff, the burden

remains on the plaintiff to prove that federal jurisdiction is proper. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936).

### III. ANALYSIS

Having carefully examined Plaintiff's Complaint and the documents she has submitted, the Court is still unable to discern the exact nature of her claim. It appears, however, that Plaintiff's allegations sound in tort, or more specifically that she alleges personal injury as a result of Rhonda Williams' negligent driving. Tort allegations such as these are governed entirely by North Carolina law and do not constitute an action arising "under the Constitution, laws, or treaties of the United States" 28 U.S.C. § 1331. As such, Plaintiff has not satisfied her burden of demonstrating that this Court has "federal question" jurisdiction.

Similarly, once again considering the Complaint in the most lenient light, Plaintiff has failed to show that this Court has subject matter jurisdiction based on "diversity" because the dispute does not appear to be "between citizens of different states." 28 U.S.C. § 1332. The only evidence available from Plaintiff's Complaint is she and the Defendants are citizens of North Carolina. Thus, Plaintiff has once again failed to satisfy her burden of demonstrating subject matter jurisdiction, and the Court lacks the authority to adjudicate her case. See Adams, 697 F.2d at 1219.

Courts generally prefer to grant a plaintiff leave to amend, rather than dismiss outright, when the plaintiff's jurisdictional allegations prove insufficient. See Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1350 (3d ed. 2004). However, when the pleadings and affidavits demonstrate that the pleader cannot truthfully amend to allege subject matter jurisdiction, the court should dismiss without leave to amend. Id.

In this case, even construing Plaintiff's allegations in the most liberal and favorable light,

Plaintiff has failed to allege any facts upon which federal subject matter jurisdiction can be based.

Therefore, Defendant's 12(b)(1) motion dismiss is GRANTED, and Plaintiff's claim is DISMISSED.

IT IS SO ORDERED                Signed: August 12, 2009

Frank D. Whitney
United States District Judge